United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Roselyn Lopez Sierra, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17- 24625-Civ-Scola |
| | ) | |
| Puerto Rico Government and others, | ) | |
| Defendants. | ) | |

## Order Dismissing Case

Roselyn Lopez Sierra has applied to proceed in the district court without prepaying any fees or costs. (Pl.'s Mot., ECF No. 3.) Because Lopez Sierra has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Under the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds Lopez Sierra's complaint (ECF No. 1) fails to state a claim on which relief may be granted, is frivolous, and must be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Here, Lopez Sierra alleges the Puerto Rican government has planned her death and that, similarly, Donald Trump has a paid a billion dollars to have her killed. (Compl. at 1–2.) She also complains, without providing any particularized facts, that the Puerto Rican government, the United States Government, the Florida government, and Miami Beach police have lied in order to have her committed to a psychiatric hospital and treatment center. (*Id.*) She elaborates that these entities, or some of these entities, have also sent her to jail and, in doing so, have somehow violated her speedy trial rights. (*Id.* at 2.) According to Lopez Sierra, "the world authorities" "and every government in the world" has in

"some way . . . affected [her]." (*Id.*) Much of Lopez Sierra's handwritten, two-page complaint is illegible or unintelligible.

Lopez Sierra's complaint fails to meet the standard for plausibility articulated in *Iqbal* and *Twombly*. It does not include sufficient factual matter, accepted as true, allowing the Court to reasonably infer what her claim or claims for relief against the Defendants may be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Even under the relaxed pleading standard afforded to pro se litigants, Lopez Sierra's pro se complaint fails to state a claim for which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

The screening provisions of 28 U.S.C. § 1915 also authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(1). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Lopez Sierra's allegations are "an archetype of 'fantastic or delusional scenarios'" and merit dismissal as factually frivolous. *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687, at *1 (S.D. Fla. Feb. 25, 2008) (Cooke, J.). *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."). *See also Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (approving the district court's sua sponte dismissal of a complaint that presented "a far-fetched scenario based on assertions of a massive conspiracy to monitor" the plaintiff); *Biton v. Holder*, No. 10-61038-CIV, 2010 WL 4925799, at *1 (S.D. Fla. June 23, 2010) (Moreno, J.) (dismissing a complaint where there were "no credible factual allegations accompanying the claims"). Because Lopez

Sierra's complaint fails to state a claim for relief and is frivolous, dismissal is appropriate.

Accordingly, the Court **denies** Lopez Sierra's motion to proceed *in forma pauperis* (**ECF No. 3**), and **dismisses** the complaint (ECF No. 1). The Clerk is directed to **close** this case, and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on December 21, 2017.

Robert N. Scola, Jr.
United States District Judge